IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11–cv–01724–LTB–KMT

LILIA ELIZABETH GARCIA,

      Plaintiff,

v.

INTERNAL REVENUE SERVICE UNDER TREASURY DEPARTMENT,

      Defendant.

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Magistrate Judge Kathleen M. Tafoya**

This matter is before the court on the Order to Show Cause entered by this court on November 28, 2011. (Doc. No. 32.) Plaintiff's Amended Title VII Complaint, filed July 27, 2011, asserts claims against the Internal Revenue Service (IRS). (Doc. No. 11.)

Pursuant to Fed. R. Civ. P. 4(m),

> [i]f a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

More than 120 days have passed since Plaintiff's Amended Title VII Complaint was filed in this matter and the IRS has yet to be served. On November 28, 2011, this court ordered Plaintiff to show cause in writing, on or before December 19, 2011, why Plaintiff's claims

against the IRS should not be dismissed without prejudice pursuant to Fed. R. Civ. P. 4(m) for lack of service. (Doc. No. 45.)

Since the Order to Show Cause was entered, Plaintiff has filed a number of documents that either explicitly reference, or have been docketed as responses to, the Order to Show Cause. (*See* Doc. Nos. 33-35, 38-47.) Plaintiff has also filed other documents that, while not explicitly directed at the Order to Show Cause, the court liberally construes as responsive thereto. (Doc. No. 36-37, 48-49); *Haines v. Kerner,* 404 U.S. 519, 520-21 (1972) (court must construe a *pro se* plaintiff's filings liberally). The court has reviewed these documents, together with all attachments, and finds that Plaintiff has failed to provide good cause for her failure to serve the IRS. While several of Plaintiff's filings indicate that Plaintiff (1) sent documents via facsimile to the IRS[1] and (2) reported "information" to the "Assistant Inspector General Tax Administration U.S. Department,"[2] neither is sufficient to constitute service on the IRS. *See* Fed. R. Civ. P. 4(i) (outlining requirements for service of the United States and its agencies). Nor is it even clear that the documents Plaintiff faxed to the IRS included her Amended Title VII Complaint. Consequently, the court finds that Plaintiff has failed to show good cause for her failure to timely serve the IRS.

WHEREFORE, for the foregoing reasons, the court respectfully

---

[1] *See* Doc. No. 33 at 1; Doc. No. 34 at 2; Doc. No. 39 at 2-5; Doc. No. 42 at 3; Doc. No. 43 at 4; Doc. No. 44 at 3-4; Doc. No. 45 at 15; Doc. No. 46 at 1; Doc. No. 47 at 1; Doc. No. 48 at 2.

[2] *See* Doc Nos. 36, 37, 38, 39, 40, 41, 42, 43, 45, 46, 47.

RECOMMENDS that the this case be dismissed without prejudice pursuant to Fed. R. Civ. P. 4(m) for lack of service.

## ADVISEMENT TO THE PARTIES

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995).  A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review.  "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Prop. Known As 2121 East 30th Street, Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996).  Failure to make timely objections may bar *de novo* review by the district judge of the magistrate judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge.  *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (a district court's decision to review a magistrate judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Prop.*, 73 F.3d at 1059-60 (a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review); *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Ref. Sys., Inc.*, 52 F.3d 901, 904 (10th Cir.

1995) (by failing to object to certain portions of the magistrate judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal).

Dated this 20th day of December, 2011.

BY THE COURT:

*[signature]*

Kathleen M. Tafoya
United States Magistrate Judge

the magistrate judge's ruling); *but see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).